**TEX TAN OF YOAKUM**

v.

**J. HALPERN CO.**
**Patent Appeal No. 6041.**

United States Court of Customs and Patent Appeals.
June 30, 1954.

Charles R. Allen and Charles R. Allen, Jr., Washington, D. C., for appellant.

Brown, Critchlow, Flick & Peckham and Paul N. Critchlow, Pittsburg, Pa., for appellee.

Bernard M. Halpern pro se.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON (retired), Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Examiner in Chief, representing the Commissioner of Patents, 95 U.S.P.Q. 370, affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition to appellee's application for registration of the notation, "The Texan," as a trade-mark for toy holster sets and holding that appellee was entitled to register the mark under Section 2 of the Trade-Mark Act of July 5, 1946, 60 Stat. 428, 15 U.S.C. § 1052.

It is alleged in appellee's application for registration that appellee has continuously used its mark on its goods since about November 1940.

In its notice of opposition dated May 1, 1950, appellant alleges that it is the owner of the trade-mark, "Texas Ranger;" that appellant and its predecessor, Texas Tanning and Manufacturing Company, has used its mark on its goods since and prior to November 1940 as the trade-name, trade-mark and means of identifying origin of appellant's goods including pistol holsters, pistol holster sets and cartridge belts; that appellant has distributed its goods bearing the trade-name and trade-mark, "Texas Ranger," in substantial quantities throughout and among the several states of the United States and has spent considerable sums of money in advertising its products, including toy pistol holders and toy cartridge belts under its aforesaid name and mark and that by reason of said general distribution and advertising the name and/or mark have become favorably known to the trade and public as the property of appellant, especially as applied to pistol holders and cartridge belts and as identifying its said goods and their origin from those of other dealers, and that confusion in the minds of the public and damage to appellant will be caused by the continued use of the mark, "The Texan," on toy holster sets; that appellant filed an application for registration of its "Texas Ranger" trade-mark, Serial No. 577,080 on April 13, 1949, in the United States Patent Office and that the mark sought to be registered by appellee, namely, "The Texan," consists of and comprises a mark which so nearly resembles that of appellant, namely, "Texas Ranger," when applied to the goods of appellee as to be likely to cause confusion or mistake or to deceive purchasers as to true origin.

In its answer dated October 9, 1950, appellee admits that appellant has, since prior to November 1940, been engaged in the manufacture of leather goods and

equipment including pistol holsters, pistol holster sets and cartridge belts, but denies that said goods are of the same class and descriptive properties as toy holster sets on which appellant uses its mark, "The Texan," and denies that appellant was engaged in the manufacture and/or sale of toy pistol holsters prior to about 1948. Appellee admits that appellant has distributed pistol holsters, pistol holster sets and cartridge belts bearing its mark, "Texas Ranger," but denies that prior to about 1948 it distributed any toy pistol holsters and toy cartridge belts under the mark, "Texas Ranger," and denies that appellee's use of its mark, "The Texan," on toy holster sets it sells will result in confusion in the minds of the public or that any damage to appellant will be caused by appellee's continued use of its mark, "The Texan," on toy holster sets.

Both parties have filed stipulated evidence in narrative form from which it appears that as early as 1929 appellant and its said predecessor operated a tannery and began the manufacture of leather products including harness, horse collars, saddles, cowboy chaps, riding equipment, and men's and boy's belts, gun cases and pistol holsters; that the mark, "Texas Ranger," was first applied to belts as early as 1927; that appellant is the owner of trade-mark registration No. 342,616 issued January 19, 1937 for "Texas Ranger" for belts for men; that continuously since 1939 appellant has sold cartridge belts and children's belts, including "Junior Texas Ranger Belt;" that beginning in 1933 the use of the mark, "Texas Ranger," was extended to boys' belts; that in 1947 a complete line of cowboy outfits for kids was added to the "Texas Ranger" line; that the "Texas Ranger" brand of goods including belts for men and boys and pistol holster sets of some type have been continuously sold since 1933; that the first sale of children's equipment marked "Texas Ranger" was made in 1933; that in 1947 the youth line under the mark, "Texas Ranger," was extended to include chaps, suits, scabbards, hats and toy pistols;

that appellee has sold toy holster sets under its mark, "The Texan," in all the states of the United States continuously since November 1940; that in 1941 appellee's sales were in excess of fifty thousand dollars and that since 1941 such sales have gradually increased until its sales in 1950 were in excess of one million dollars; and that appellee has advertised its toy holster sets sold under its mark, "The Texan," since 1940 in trade journals and by catalogues.

The Examiner of Interferences did not agree with appellee's contention that its line of toy holster sets for juvenile use is so dissimilar to the utilitarian goods of appellant that there would be no likelihood of confusion even if similar marks are contemporaneously used on the respective goods of the parties hereto. It was his view that the similarities of the goods of the parties are obvious and that while a toy set may not be made as durable as one for utilitarian use it would be only natural to believe that both types of goods were manufactured by the same company. However, he held that the words, "The Texan" and "Texas Ranger," are not so similar as to be likely to cause confusion in trade as to the origin of the goods to which applied.

The Examiner of Interferences stated:

"While it is true that one would think of a 'Texas Ranger' as being a 'Texan' still the term 'Texas Ranger' is so well known and so much a part of American lore, that the very mention of the name brings to mind that particular group of Texans to which, through the years, the name has reference; whereas the term 'The Texan' does not bring to mind any particular individual or group of individuals or any one particular thing related to Texas."

The Examiner in Chief did not agree with the opinion of the Examiner of Interferences that the marks here involved are not confusingly similar and held that the words, "The Texan" and "Texas Ranger," have a more or less substantial identity and that the use of the marks on the goods specified would very likely

lead to confusion or deception of purchasers as to the origin of the goods. However, he held that the evidence does not establish prior use by appellant of his mark, "Texas Ranger," on children's cartridge belts or on toy holster sets and for that reason, affirmed the decision of the Examiner of Interferences dismissing the opposition.

Following the decision of the Examiner in Chief, appellant filed a "Request for Reconsideration" in reference to which the Examiner in Chief stated:

"The petition points out that the examiner of interferences in his decision held:

" 'A holster set includes a belt and a holster; while a toy set may not be made as durable as one for utilitarian use, the similarities are obvious; and it would only be natural to believe that both types of goods were manufactured by the same company,'
but states it is apparent in order to reach the decision rendered in this case that it was necessary to find that the goods of the respective parties were not similar, and since no ruling was made on this point in the decision, the opposer now requests that a ruling be made thereon.

"At first glance it might appear that a holster set which includes a belt and holster for real pistols and real cartridges are similar to toy holster sets for toy pistols. However, it must be remembered that one is made to hold a weapon and the other to hold a toy. Holster sets including real pistols and toy holster sets including toy pistols are not normally sold either to the same class of purchasers or in the same stores, and while I am of the opinion that the marks 'Texas Ranger' and 'The Texan' would be confusingly similar if applied to the same goods, I do not think that there would be a likelihood of confusion if 'Texas Ranger' were applied on leather goods and equipment including real pistol holster sets and cartridge belts and 'The Texan' were applied to toy holster sets for toy pistols.

"The petition for reconsideration is granted to the extent indicated."

■ We have given careful consideration to the stipulated testimony, the briefs of the parties and the oral arguments before us and we agree with the decision of the Examiner of Interferences that the involved marks are not confusingly similar. We do not think the concurrent use of the marks on the goods of the parties would be likely to confuse or deceive purchasers as to the origin of the goods.

In view of this holding, it is unnecessary to discuss other issues raised by the parties.

■ However, one more matter remains to be considered. Appellant did not include in the record an index to appellee's exhibits E to Q inclusive. This index was added on the motion of appellee to correct diminution of the record. This added matter was necessary for a proper decision of this case and costs for making such addition are therefore assessed against appellant.

For the reasons stated the decision appealed from dismissing the notice of opposition is hereby affirmed.

Affirmed.

JACKSON, Judge, retired, sat for GARRETT, Chief Judge.